**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 10, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROSE JACOBSON,

      Plaintiff-Appellant/
      Cross-Appellee,

v.

CREDIT CONTROL SERVICES, INC., a
Delaware corporation,

      Defendant-Appellee/
      Cross-Appellant.

Nos. 14-1425 & 14-1454

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:13-CV-03307-WYD-MJW)**
_____

Submitted on the briefs:[*]

Scott L. Nelson and Allison M. Zieve, Public Citizen Litigation Group, Washington,
District of Columbia; David M. Larson, Englewood, Colorado, for Plaintiff-Appellant.

Joseph J. Lico and Steven J. Wienczkowski, Adam L. Plotkin, P.C., Denver, Colorado,
for Defendant-Appellee.

_____

Before **KELLY**, **PORFILIO**, and **BALDOCK**, Circuit Judges.
_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

**KELLY**, Circuit Judge.

_____

Rose Jacobson appeals the district court's dismissal without prejudice of her claims under the Fair Debt Collection Practices Act (FDCPA), and Credit Control Services (CCS) cross-appeals the fact that the dismissal was without prejudice instead of with prejudice. Ms. Jacobson originally sought both statutory and actual damages under the FDCPA. CCS made an offer of judgment under Federal Rule of Civil Procedure 68 for $1,001, one dollar more than the statutory damages sought, plus attorneys' fees and costs. Ms. Jacobson did not accept and the offer lapsed under the Rules. Several months later, Ms. Jacobson filed a notice waiving her claim to actual damages. CCS moved to dismiss the case, arguing that the offer of judgment would have accorded her the full amount of statutory damages she could recover, rendering the action moot.

The district court agreed, finding that CCS offered Jacobson "an amount that exceeds what she can recover pursuant to 15 U.S.C. § 1692k(a)." Aplt. App. at 66a. On that basis, the district court dismissed the action without prejudice and awarded costs to CCS. Thus, on appeal, the central issue is whether an unaccepted offer of judgment under Rule 68 can moot a plaintiff's claim to relief, thereby depriving the district court of subject-matter jurisdiction. Coincidentally, the Supreme Court granted certiorari to decide this exact issue in *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Accordingly, we held the matter in abatement pending the

2

Court's decision.[1] On January 20, 2016, the Court decided *Gomez*, holding that an unaccepted settlement offer does not, in fact, render a plaintiff's case moot because the parties remain just as adverse as they were at the outset of litigation without an accepted settlement offer. 136 S. Ct. at 670–72.

We asked the parties to file supplemental briefs addressing whether *Gomez* answers the question posed by Ms. Jacobson's appeal. Both parties agree that it does. Both parties also agree that CCS's cross-appeal is moot in light of *Gomez*. We therefore vacate the judgment and assessment of costs, and remand for continued proceedings.

---

[1] We also held the matter in abatement based on the Court's grant of certiorari in *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted*, 135 S. Ct. 1892 (2015). The issue in *Spokeo* is whether Congress may confer standing upon a plaintiff who suffers no cognizable harm, and who therefore could not otherwise invoke federal jurisdiction, by authorizing a private right of action based on a bare violation of a federal statute. Pet. for Writ of Cert. at i, *Spokeo*, No. 13-1339 (May 1, 2014). We agree with the parties that Gomez is more germane to the issue before us and that we need not wait for the *Spokeo* decision.